F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUL 19 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBYN G. BROWN,

Plaintiff-Appellant,

v.

CESSNA AIRCRAFT COMPANY, a
Kansas corporation,

Defendant-Appellee.

No. 03-3213
(D.C. No. 01-CV-1372-MLB)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE**,** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**      The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Robyn G. Brown appeals from an order of the district court granting judgment for defendant in this action brought pursuant to Title VII. We affirm.

Ms. Brown was employed by defendant as a flight line mechanic from 1990 until 2000, when she was terminated for misuse of company time. In her complaint, Ms. Brown alleged that she was sexually harassed by her supervisor and a co-worker who made unwelcome comments to her. She also alleged that she was not permitted to work overtime or to attend leadership training and was punished for violating work rules, while other employees were not punished for the same behavior. She alleged she was treated this way because of her sex. After she was terminated, Ms. Brown filed a complaint with the EEOC.

At the pretrial conference, Ms. Brown sought to amend her complaint to include a charge that defendant had retaliated against her by refusing to reinstate her as directed by the Grievance Board. She alleged that defendant was motivated to retaliate against her because she had filed a complaint of a sexually hostile work environment with the EEOC. The district court did not allow the amendment citing to the fact that the scheduling order had specifically provided a deadline for filing any motions to amend, with which Ms. Brown had failed to

comply. The court noted that Ms. Brown was aware of the facts that would give rise to a claim for retaliation when she filed her complaint. Later, the district court granted summary judgment to defendant on Ms. Brown's hostile work environment claim.

On appeal, Ms. Brown argues only that the district court should have permitted her to amend her complaint. She contends that defendant was on notice that she was also claiming retaliation when she filed her complaint and that her retaliation claim was reasonably related to her claims before the EEOC.

We review the district court's decision not to permit a motion to amend a complaint for abuse of discretion. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000).

Ms. Brown admits that she knew of the facts underlying her proposed amendment when she filed her complaint. She maintains that because she included in the list of facts in her complaint the details of the Grievance Board's decision that she be rehired and defendant's failure to comply with that decision, defendant should have been aware that she would later use those facts to support a claim of retaliation. We disagree. A defendant cannot be expected to prepare to defend against claims not specifically raised by the plaintiff even if the complaint may have contained facts which might contribute towards supporting another claim.

Further, Ms. Brown failed to comply with the district court's scheduling order setting forth the date by which any motions to amend had to be filed. Untimeliness alone can provide a sufficient reason to deny a motion for leave to amend, especially where the party seeking to amend knew, or should have known, of the facts supporting the proposed amendment when the original complaint was filed. Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994).

The district court did not abuse its discretion in denying Ms. Brown's motion to amend her complaint. The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge